**FILED**

JUN 17 2009

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KATRINA REID**<br>**5621 Lanier Avenue**<br>**Suitland, MD 20746**<br>　　　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**TOM VILSACK**<br>**Secretary of Agriculture**<br>**US DEPARTMENT OF AGRICULTURE**<br>**1400 Independence Avenue, S.W.**<br>**Washington, D.C. 20250**<br>　　　　　　**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br><br><br><br><br>)<br><br>) |

**Civil No:_____**

**JURY TRIAL REQUESTED**

Case: 1:09-cv-01115
Assigned To : Walton, Reggie B.
Assign. Date : 6/17/2009
Description: Employ. Discrim.

## COMPLAINT

**NOW COMES** Plaintiff, Katrina Reid, by and through undersigned counsel, for the

purpose of filing this civil complaint for damages. Plaintiff states herein as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of the 1964 Civil Rights Act

   as amended by 1991, hereinafter "Title VII."

2. This action properly lies in this judicial district and Defendant is a government employer

   who is subject to the jurisdiction of this Court.

1

## PARTIES

3. "Plaintiff" Katrina Reid is a citizen of the United States of America and resides in the State of Maryland.

4. In accordance with Title VII, she is a member of a protected class based on her race, African-American and color, light-complexion.

5. "Defendant" Tom Vilsack is the Secretary of Agriculture and designated representative of the Department of Agriculture.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff timely initiated her charge of discrimination against Defendant with the Office of Civil Rights Employment Complaints Division on or about November 21, 2008. Plaintiff's charge of discrimination alleged that she was discriminated against on the basis of race and retaliation because of prior protected activity.

7. Plaintiff therefore invokes her right to bring this civil action in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## STATEMENT OF FACTS

Plaintiff is a light-complexion African-American. She is employed as a (GS-13, Step 4) International Trade Specialist, Monitoring and Enforcement Division, Office of Negotiations and Agreements (ONA), Foreign Agricultural Service (FAS) with Defendant. Plaintiff is highly qualified; has received numerous awards for her work; has high superior performance appraisals; has an MBA from MIT and a Bachelors degree in Foreign Affairs from the University of Virginia; and has work experience and education in management.

Defendant has denied Plaintiff promotional opportunities afforded to other employees outside of her protected classification. Furthermore, Defendant has routinely promoted dark-skinned Blacks and treating Plaintiff differently than similarly situated White employees in ONA, notwithstanding her qualifications.

On October 2, 2008, Defendant changed Michelle Calhoun's title from Branch Chief to Deputy Director which had the effect of eliminating opportunities for a GS-14 promotion into Plaintiff's division. In May 2008, Jude Akhidenor (dark-skinned Black), was non-competitively assigned into the last GS-14 position without advertising the position, a position for which Plaintiff would have applied for promotion. Plaintiff applied for the GS-14 International Trade Specialist position. However, Defendant selected Dawn Williams (dark-skinned Black) notwithstanding Plaintiff was more qualified for the position, working in ONA and having done the work that the position required and the vacancy announcement stated, having done the type of work of the group, and having specialized training and education in the work. Plaintiff also applied for the GS-14 Supervisory Program Manager position. However, Defendant selected Michelle Calhoun (dark-skinned Black) notwithstanding Plaintiff was more qualified for the position, having done management and the work of the group, the type of management work that the position required and the vacancy announcement stated, having done management work, and having specialized training and education in management. Defendant also allowed Michelle Calhoun to remain employed and compete for positions while she did not meet the positive education requirements for her first position at USDA while Plaintiff had to meet the qualifications of the positions for which she applied in order to compete for them.

3

Furthermore, two White employees, Andrew Burst and Aileen Mannix were pre-positioned in management positions Director, ONA/MNAD and Deputy Director, ONA/MED respectively. Plaintiff applied for the GS-14 Supervisory Program Manager position Aileen Mannix holds and was denied selection for one GS-14 International Trade Specialist position and two GS-14 Supervisory Program Manager positions. Defendant subjected Plaintiff to harassment and a hostile work environment as her supervisors Chuck Bertsch, Aileen Mannix permitted coworkers to openly humiliate and ridicule Plaintiff. Defendant would allow employees to talk over Plaintiff during staff meetings. Managing officials failed to dissuade or intervene while coworkers disrespected Plaintiff or would often question her competence as a professional.

Plaintiff submitted her application for the GS-14 International Relations Advisor position. However, Defendant failed to circulate Plaintiff's application materials to the hiring officer. Consequently, Plaintiff was not afforded an interview for the position and was subsequently not selected. Instead, Defendant selected Susan Sadocha (white) and George Douvelis (white). Plaintiff contends that she was treated differently than similarly situated white employees in ONA such as Susan Sadocha. White employees in ONA who were more qualified than the other applicants were promoted while when Plaintiff applied, the Defendant did not circulate my application to the hiring manager or chose lesser qualified applicants. Douvelis was not working in ONA.

## COUNT I

**DISPARATE TREATMENT IN PROMOTIONS BASED UPON RACE AND COLOR IN VIOLATION OF TITLE VII**

Plaintiff re-alleges the allegations contained in Paragraphs 1 through 7, and incorporate them by reference herein.

8.  Plaintiff has suffered discrimination based upon her racial and color classification when she was denied promotional and reassignment opportunities similar to those outside of her protected classification notwithstanding her credentials and qualifications.

9. Plaintiff further avers that Defendant adopted the practice of promoting lesser qualified employees outside of her protected classification that were lesser qualified.

10. Plaintiff avers Defendant adopted a practice of pre-selection in which lesser qualified candidates were non-competitively promoted into positions that were not advertised.

11.  As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages.

## COUNT II

### RETALIATION& HARASSMENT IN
### VIOLATION OF TITLE VII

Plaintiff re-alleges the allegations contained in Paragraphs 1 through 11, and incorporate them by reference herein.

12. Plaintiff engaged in protected activity when she filed previous discrimination complaints against her management, Aileen Mannix and Chuck Bertsch.

13. Plaintiff avers that she was retaliated against when she was denied promotion and reassignment opportunities afforded to similarly-situated candidates outside of her protected classifications.

14. Plaintiff avers Defendant created a hostile work environment by permitting Plaintiff's coworkers to openly humiliate and ridicule her and question her competency in the performance of her duties. Defendant's conduct was severe or pervasive.

15. Plaintiff avers that there is a casual connection between the protected activity she complained of and the harm she suffered.

16. As a result of the above-stated actions, Plaintiff has suffered economic and non-economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her the following

relief, namely:

(i)  That this Court determines that the employment practices complained of in

this Complaint are unlawful in that they violate Title VII.

(ii)  That Defendant pays Plaintiff a sum in excess of $300,000 for compensatory

damages.

(iii)  That Defendant pays Plaintiff's costs and expenses and reasonable attorney's

fees as provided under Title VII in connection with this action.

(iv)  That this Court grants other and such further relief to the Plaintiff as it deems

just and proper.


Respectfully submitted on behalf of Plaintiff;


Date: June 11, 2009

Nathaniel D. Johnson (MD Federal Bar #14729)
The Law Firm of Nathaniel D. Johnson, LLC
201 Centennial Street, Suite A-2
LaPlata, MD 20646
301 645-9103/301 861-0411 (facsimile)
esquire@ndjohnson.com

7